IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. 1:17-cr-10071-JDB-1

HENRY FOSTER MCGUIRE, JR.,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE
_____

Following a guilty plea to possession with intent to distribute at least fifty grams of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 924(c), respectively, the Defendant, Henry Foster McGuire, Jr., was sentenced on November 1, 2017, to a total of 240 months' imprisonment and eight years of supervised release. (Docket Entry ("D.E.") 12, 18.) He is currently confined in Bureau of Prisons ("BOP") custody.

In a pro se motion filed March 19, 2020, McGuire requested a reduction of his sentence pursuant to the 18 U.S.C. § 3582 and §§ 402 and 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (D.E. 34.) On March 23, 2020, Assistant Federal Defender M. Dianne Smothers appeared on Defendant's behalf (D.E. 35) and, on June 9, 2020, filed a notice of completed review, indicating that, in her opinion, Defendant was ineligible for relief (D.E. 36).

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)).  However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *see United States v. Smithers*, 560 F.3d 339, 342 (6th Cir. 2020).

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), lowered mandatory minimum sentences for crack cocaine offenses.  The purpose of the statute was to "lessen the sentencing disparity between cocaine offenses and those involving crack cocaine." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020) (citing §§ 2-3, 124 Stat. 2372).  It was not, however, retroactive.  *Id.*  The FSA, passed in December 2018, made those changes retroactive, "allow[ing] those sentenced under the old regime to file a motion to reduce their sentence." *United States v. Williams,* ___ F. App'x ___, 2020 WL 3124227, at *1 (6th Cir. June 12, 2020) (citing § 404, 132 Stat. 5194).

Section 404 of the FSA permits the sentencing court to reduce a sentence "for a covered offense," defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."  § 404(a)-(b), 132 Stat. at 5222.  Sections 2 and 3 of the Fair Sentencing Act of 2010 involved cocaine base offenses.  §§ 2-3, 124 Stat. at 2372; *United States v. Alexander*, 951 F.3d 706, 707-08 (6th Cir. 2019).  Therefore, by its terms, § 404 "makes retroactive only certain statutory changes pertaining to threshold crack cocaine weights triggering mandatory minimum sentences that were enacted under the Fair Sentencing Act of 2010." *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 1237 (2020).  The offenses for which McGuire was convicted did not involve crack cocaine.  Therefore, they were not "covered offenses" for purposes of § 404.  *See Jordan v. United States*, No. 3:18-cv-001268, 2020 WL 2112263, at *1-2 (M.D. Tenn. May 4, 2020) (where movant was not convicted of a crack cocaine offense, § 404 afforded him no relief).  Moreover, the offenses occurred in 2016.  (*See* D.E. 1-1.)

"The [FSA] merely unlocks the door to resentencing so long as the crime 'was committed before August 3, 2010.'" *United States v. McBee*, ___ F. App'x ___, 2020 WL 2204231, at *5 (6th Cir. May 6, 2020) (quoting *United States v. Maxwell*, 800 F. App'x 373, 378 (6th Cir. 2020)). Defendant's request for relief under § 404 is, therefore, DENIED.

McGuire also contends that extraordinary and compelling reasons support a reduction of his sentence. The FSA modified the process under which a federal inmate may obtain so-called compassionate release pursuant to § 3582 by expanding the use of such sentence reductions. *See United States v. Young*, No. 2:00-cr-00002-1, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020). Under § 3582(c)(1)(A)(i), the court may reduce a sentence upon a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the FSA's passage, only the BOP was allowed to file a motion in the district court for compassionate release under § 3582(c)(1)(A). *See United States v. Gales*, Case No. 1:19-cr-251-4, 2020 WL 2085146, at *2 (N.D. Ohio Apr. 29, 2020). The FSA amended the statute to permit a defendant to seek such release directly, but only after (1) he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also Gales*, 2020 WL 2085146, at *2. The exhaustion requirement is a "mandatory condition" that must be met. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). McGuire has neither alleged nor demonstrated that he has exhausted his remedies as to any claim for compassionate release.

Defendant further seeks relief under § 402 of the FSA. However, this section, which broadens the safety valve, "appl[ies] only to a conviction entered on or after the date of enactment of the [FSA]." 132 Stat. at 5221; *see also United States v. Hoskins*, Case Number 10-20677, 2020

3

WL 1640167, at *1 (E.D. Mich. Apr. 2, 2020) (§ 402 is not retroactive; it applies only to sentences imposed after December 21, 2018). As Defendant's sentence was imposed on November 1, 2017, he cannot obtain relief under § 402.

Finally, McGuire references changes made in the FSA regarding sentencing enhancements. On August 2, 2017, the United States Attorney's Office filed a notice of sentencing enhancement (D.E. 1-3) pursuant to 21 U.S.C. § 851, which provides in pertinent part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a). The notice alleged that Defendant's prior felony drug offense conviction subjected him to an increased penalty.

Although McGuire does not identify the section of the FSA under which he seeks relief with respect to the enhancement, his argument appears to implicate § 401, which made changes to the requirements for a prior conviction's qualification as a "serious drug felony." § 401, 132 Stat. at 5220; *United States v. Montgomery*, Case Nos. 04-20046-06, 06-20544-01, 2020 WL 736219, at *3 (E.D. Mich. Feb. 13, 2020), *appeal filed* (6th Cir. Mar. 2, 2020) (No. 20-1201). However, § 401 is not retroactive. Section 401(c) provides that "[t]his section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 401(c), 132 Stat. at 5221. Where, as here, the sentence was imposed prior to the FSA's December 2018 enactment, no relief under § 401 is available. *See Wiseman,* 932 F.3d at 417 (§ 401 did not provide defendant relief because "he was sentenced prior to [the FSA's] effective date"); *Montgomery*,

4

2020 WL 736219, at *3 (no relief under § 401 where FSA was enacted after the defendant committed his offense and his sentence was imposed).

    For the reasons articulated herein, the motion is DENIED.

    IT IS SO ORDERED this 9th day of July 2020.

                                                <u>s/ J. DANIEL BREEN</u>
                                                UNITED STATES DISTRICT JUDGE